IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD LEE BOWMAN,

    Petitioner,                        No. CIV S-11-1712 KJM DAD P

    vs.

G. SWARTHOUT,                        FINDINGS AND RECOMMENDATIONS

    Respondent.

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2010 decision of the California Board of Parole Hearings ("Board) finding him unsuitable for release on parole as a violation of both his right to due process and of his plea agreement. Before the court is respondent's motion to dismiss the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Petitioner has filed an opposition to the motion.

**BACKGROUND**

        On November 4, 1988, petitioner appeared before the Santa Cruz County Superior Court with counsel and plead guilty to first degree murder in violation of California Penal Code § 187. (Doc. No. 1-1 at 2.) Petitioner was thereafter sentenced to state prison term of 25-years to life. (Id.)

1

On February 8, 2010, the Board held a subsequent parole consideration hearing at California State Prison - Solano. (Doc. No. 1-1 at 33 & 35.) The Board determined that petitioner was not suitable for parole because he posed an unreasonable risk of danger if released from prison, that he had difficulty with insight and credibility, and that the murder to which he had pled guilty was committed in an "especially heinous, atrocious, and cruel manner." (Doc. No. 1-1 at 171-72 & 175.)

In his pending habeas petition, petitioner claims two grounds upon which he is entitled to federal habeas relief: (1) petitioner has a liberty interest in parole and the denial of parole violates his right to due process under the Fourteenth Amendment, and (2) the plea agreement he entered was an "executory contract" and his reasonable expectation based on that contract was that if "he maintained good behavior and participated in rehabilitative efforts he would be released before serving an actual twenty-five years[.]" (Doc. No. 1 at 7.) According to petitioner, he has now been incarcerated "in excess of the twenty-five years[.]" (Id.)

## THE PARTIES' ARGUMENTS

I. **Respondent's Motion**

Respondent argues that petitioner has no due process right to be released on parole and that his only procedural due process rights in the parole context are the right to be heard and the right to a statement of the reasons for the parole decision. (Doc. No. 14 at 2.) Respondent asserts that because petitioner received the process due in connection with his parole proceedings, this claim must be dismissed as non-cognizable.

As to petitioner's second claim, respondent argues that there is no evidence that prison officials violated the terms of petitioner's plea agreement. (Id.) According to respondent, petitioner is serving an indeterminate sentence which is a life sentence unless he is found to be suitable for parole. (Id. at 3.) Petitioner has received regular parole suitability hearings but was found to be unsuitable for parole in 2010. (Id.) Respondent argues that petitioner has failed to produce any evidence that his plea agreement required his release from prison in 2010. (Id.)

Finally, respondent contends that this breach of the plea agreement claim should be dismissed because it is based on conclusory and unsupported allegations that petitioner's plea agreement requires his release from prison by a certain date. (Id.)

II. **Petitioner's Opposition**

Petitioner argues that based on Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979) and the mandatory language pertaining to California's parole system, he has a constitutional right to release from prison on parole. (Doc. No. 15 at 2-4.) Since California Penal Code § 3041(a) provides that the Board "shall normally set a parole release date[,]" petitioner questions why less than 4% of California's life-term inmates are being paroled. (Id. at 5.)

As to his breach of contract claim, petitioner asserts that when he entered the plea agreement, he expected to be released on parole before serving twenty-five years in state prison with good conduct and work credits. (Id.) According to petitioner, this "subjective understanding of the plea agreement must be the controlling factor." (Id. at 6.) Finally, petitioner argues that "the government has no business to, at this point of the agreement/contract to contest petitioner's suitability for parole in accord with the terms of the contract they drafted." (Id.)

## ANALYSIS

I. **Rule 4 of the Rules Governing Section 2254 Cases**

"If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]" Rule 4 of the Rules Governing Section 2254 Cases. Thus, Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)). "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response[.]" A respondent's motion to dismiss may challenge the petition on

procedural grounds or on the merits.  See White v. Lewis, 874 F.2d 599, 602 (9th Cir. 1989) (holding that pursuant to Rule 4, respondent may file a motion to dismiss on procedural grounds); Moore v. Okuley, 2010 WL 1995828 at *2 (D. Alaska May 14, 2010) ("The Advisory Committee Notes to Habeas Rule 4 lend support to the proposition that a summary motion to dismiss on the merits may be made consistently with the rule.").  The court is to apply Rule 4 standards in ruling on such a motion.  See Garner v. Yates, No. 1:11-CV-02051 LJO GSA HC, 2012 WL 1192847, at *1 (E.D. Cal. April 10, 2012) ("[A] respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion."); Jameson v. Cate, No. CV 11-01061-CAS (VBK), 2012 WL 646151, at *2 (C.D. Cal. Jan. 31, 2012)  (same).  A petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971); see also Fryer v. MacDougall, 462 F.2d 1093, 1093 (5th Cir. 1972).

**II.  Parole and Due Process Rights**

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209, 221 (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v. Cooke, 562 U.S. ___, ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a liberty interest in parole."). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

In Swarthout, the Supreme Court reviewed two cases in which California prisoners were denied parole -- in one case by the Board, and in the other by the Governor after the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review the application of those constitutionally required procedures." Id. at 862. The Court concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence." Swarthout, 131 S. Ct. at 862. In particular, the Supreme Court rejected

1  the application of the "some evidence" standard to parole decisions by the California courts a
2  component of the federal due process standard. Id. at 862-63.[1] See also Pearson, 639 F.3d at
3  1191.
4        Here, petitioner claims in his petition and in his opposition to the pending motion
5  to dismiss that because he has a liberty interest in parole, he is entitled to release on parole.
6  Petitioner is mistaken. As explained above, the U.S. Supreme Court has held that the due
7  process rights of one in petitioner's position are limited to being provided an opportunity to be
8  heard and to have a statement of reasons why parole was denied. Petitioner has submitted to this
9  court a copy of the transcript from his parole consideration hearing. That transcript establishes
10 that petitioner was represented by counsel at his parole suitability hearing, that petitioner was
11 given the opportunity to be heard, and that he was provided the reasons why parole was denied
12 by the Board panel. (Doc. No. 1-1 at 36, 41, 48-141, 171-184.) That is all the process that was
13 due petitioner under the U.S. Constitution. Swarthout, 131 S. Ct. 862; see also Miller, 642 F.3d
14 at 716; Roberts, 640 F.3d at 1046; Pearson, 639 F.3d at 1191. Therefore, respondent's motion to
15 dismiss petitioner's due process claim should be granted.

16 **III. Alleged Violation of the Plea Agreement**

17       As noted above, in his opposition to the pending motion petitioner argues that the
18 plea agreement he entered into was a contract pursuant to which he had an expectation that if he
19 maintained good behavior and participated in rehabilitative efforts while in prison, he would be
20 released on parole before serving a term of twenty-five years. (Opp'n at 5.) However, petitioner
21 does not dispute that pursuant to his plea he was sentenced to a term of 25-years to life in prison.

---

[1] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state parole board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability. See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .").

It is well established federal law that a criminal defendant has the right under the Due Process Clause to enforce the terms of a plea agreement. See Doe v. Harris, 640 F.3d 972, 975 (9th Cir. 2011) (citing Santobello v. New York, 404 U.S. 257, 262 (1971)); Brown v. Poole, 337 F.3d 1155, 1159 (9th Cir. 2003). Plea agreements are contractual in nature and are construed using ordinary contract interpretation under state law. Doe, 640 F.3d at 975; Buckley v. Terhune, 441 F.3d 688, 695 (9th Cir. 2006); Brown, 337 F.3d at 1159. Under California law, a court must first look to the plain meaning of the agreement language. Buckley, 441 F.3d at 695. If the language is ambiguous, the agreement is to be "interpreted in the sense the promisor believed at the time of its making that the promisee understood it." Buckley, 441 F.3d at 695 (quoting Cal. Civ. Code § 1649). "The inquiry considers not the subjective belief of the promisor but, rather, the 'objectively reasonable' expectation of the promisee." Id. (citing Bank of the West v. Superior Court, 2 Cal 4th 1254, 1265 (1992) and Badie v. Bank of Am., 67 Cal.App. 4th 779, 802, n.9 (1998)). See also Wheeler v. Yarbrough, 352 F. Supp. 2d 1085, 1094 (C.D. Cal. 2005) ("[A] party's contention regarding his subjective understanding is not dispositive; rather, any dispute over the terms of the agreement must be determined by objective standards.") Under these standards, in determining whether a plea agreement has been breached, courts consider what was "reasonably understood" by a defendant when he "entered his plea of guilty." Gunn v. Ignacio, 263 F.3d 965, 970 (9th Cir. 2001).

Here, petitioner does not challenge the terms of his plea agreement. Instead, petitioner asserts that his subjective expectation was that as long as he maintained good behavior and participated in rehabilitative efforts he would not serve more than twenty-five years in state prison and that his expectation in that regard should be enforced. As explained above, under well-established law petitioner's subjective expectation is not determinative of the interpretation of his plea agreement. Here, petitioner has failed to allege, let alone establish, that he was promised anything different than a twenty-five year to life prison term or that he was assured as part of his plea agreement that he would be released within twenty-five years so long as certain

conditions were met.[2] See Jiminez v. Marshall, No. ED CV 07-01598-RSWL (VBK), 2011 WL 2415751, at *11 (C.D. Cal. May 5, 2011) ("Although the Superior Court stated that Petitioner would be eligible to receive good time credits, it did not promise that the receipt of such credits would entitle Petitioner to release.  In fact, the plea agreement, as set forth in this record, contains no terms or promises that would guarantee Petitioner's release after serving the minimum term."); Williams v. Finn, No. CIV S-08-2192 FCD EFB P, 2011 WL 1342999, at *6 (E.D. Cal. April 7, 2011) ("Petitioner has failed to demonstrate that the Board's decision finding him unsuitable for parole violated the terms of his plea agreement.  There is nothing in the record that reflects a promise by the prosecutor that petitioner would be released or granted parole at any particular time or before the expiration of his life term."); Hare v. Carey, Nos. CIV S-06-2758-GEB-CMK-P, CIV S-06-2759-FCD-DAD-P, 2010 WL 958157, at *10 (E.D. Cal. March 12, 2010) ("The plea agreement, as set forth by Petitioner, was for a second degree murder charge with a sentence of 15-to-life.  It is objectively reasonable that Petitioner would understand that with such a sentence, he could be incarcerated for a maximum of life.  He fails to provide any support for his interpretation of the plea agreement, that he would only be required to serve the minimum term of fifteen years.").

       The court finds that it plainly appears from the face of the petition that petitioner is not entitled to federal habeas relief with respect to his claim that the Board's parole denial constitutes a breach of his plea agreement.  Therefore, respondent's motion to summarily dismiss this claim should be granted.[3]

/////

/////

---

[2] In fact, petitioner has not alleged that the plea agreement he entered into was in any sense ambiguous as to the indeterminate life term of imprisonment that would be imposed pursuant thereto.

[3] The court also concludes that the granting of leave to amend would be futile and that petitioner cannot state a cognizable claim to federal habeas relief.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's December 14, 2011 motion to dismiss (Doc. No. 14) be granted; and

2. This action be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner shall address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: May 10, 2012.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
bow1712.mtd